**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 09-cv-02477-WJM-KLM

JOSEPH WARR,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS,
LT. GERALD SCRUGGS,
CAPTAIN GONZALES,
IVETT RUIZ, and
RICHARD BOLDRIDGE,

    Defendants..

**ORDER ADOPTING JULY 14, 2010 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the July 14, 2010 Recommendation by U.S. Magistrate Judge Kristen L. Mix (ECF No. 39) that Claims II and III be dismissed and that Claim I not be dismissed. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).

**I. BACKGROUND**

The facts are detailed in the Recommendation, which the Court incorporates herein. Briefly, Plaintiff is a *pro se* prisoner at the Bent County Correctional Facility in Las Animas, Colorado. Defendants are employees of the Colorado Department of Corrections (CDOC). Plaintiff alleges that Defendants violated his First, Fifth and Fourteenth Amendment rights by, among other things, CDOC's classification of him as

a sex offender.[1]  He brings three claims under 42 U.S.C. § 1983.  In Claim I, he asserts a First Amendment freedom of the press violation because he is unable to receive sexually explicit reading materials while incarcerated.[2]  In Claims II and III, Plaintiff asserts Fifth and Fourteenth Amendment due process violations because he was labeled a sex offender without notice and an opportunity to be heard.[3]

Defendants filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6),[4] which the Court referred to Magistrate Judge Mix.   The Magistrate Judge recommends granting it as to Claims II and III and denying it as to Claim I.[5]  Plaintiff, after receiving a 60-day extension,[6] filed an objection to this Recommendation on September 21, 2010 (ECF No. 45). Defendants did not file an objection.

## II.  STANDARD OF REVIEW

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the District Judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  FED. R. CIV. P. 72(b)(3).  An objection is proper if it is filed within fourteen days of the Magistrate Judge's recommendations and specific enough to enable the "district judge to focus attention on those issues–factual and legal–that are at the heart

---

[1](*See* ECF No. 7 at 8-12.)

[2](*Id.* at 8-9.)

[3](*Id.* at 10-12.)

[4](ECF No. 24.)

[5](ECF No. 39 at 21.)

[6](ECF No. 42.)

2

of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* FED. R. CIV. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

In addition, Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III. DISCUSSION

**A. Claim I**

Magistrate Judge Mix recommends that Defendants' Motion to Dismiss Claim I, which she construed as a First Amendment freedom of speech claim, be denied.[7] The parties did not object this recommendation.

Given that omission, the Court need not engage in a *de novo* review of this recommendation. *Summers,* 927 F.2d at 1167. The Court concludes "there is no clear error . . ." FED. R. CIV. P. 72 Advisory Committee's Note. Thus, the Court adopts Magistrate Judge Mix's recommendation regarding Claim I.

---

[7](ECF No. 39 at 21.)

**B.     Claims II and III**

Magistrate Judge Mix recommends dismissing Claims II and III, which she construed as a single due process claim under the Fourteenth Amendment, because she concluded they are barred by Colorado's statute of limitations.[8]  Colorado's statute of limitations is two years.[9]  Magistrate Judge Mix found that Plaintiff's due process claim accrued in August 2001, that equitable tolling did not apply, and that because Plaintiff did not file this lawsuit until October 2009, the two-year statute of limitations barred his claim.[10]

In his objection, Plaintiff merely acknowledges Magistrate Judge Mix's rationale (claims barred by statute of limitations) and asserts that her findings and opinion are "debatable."[11]  That may be, but that does not provide grounds for rejecting Magistrate Judge Mix's thorough and well-reasoned Recommendation.  The Court concludes that Magistrate Judge Mix's analyses and recommendations are correct and thus adopts her Recommendation as the findings and conclusions of this Court.

### IV.  CONCLUSION

Accordingly, it is:

ORDERED that the Recommendation of the United States Magistrate Judge (ECF No. 39), filed July 14, 2010, is APPROVED, and, for the reasons cited therein,

---

[8](*See* ECF No. 39 at 7-14.)

[9]Actions brought pursuant to 42 U.S.C § 1983 are subject to the general personal injury limitation period of the state in which the action arose.  *Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *Hunt v. Bennett*, 17 F.3d 1263, 1265-66 (10th Cir. 1994).

[10](ECF No. 39 at 8-14.)

[11](ECF No. 45 at 2.)

- Defendants' Motion to Dismiss (ECF No. 24) is GRANTED in part and DENIED in part.
- Claims II and III are DISMISSED WITH PREJUDICE because they are barred by the applicable statute of limitations.
- Claim I is not dismissed.  It survives Defendants' Motion to Dismiss and is Plaintiff's lone claim remaining in this case.

Dated this 29th day of April, 2011.

BY THE COURT:

William J. Martínez
United States District Judge