**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 09-cv-02477-WJM-KLM

JOSEPH WARR,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS,
CAPTAIN GONZALES,
IVETT RUIZ, and
RICHARD BOLDRIDGE,

    Defendants.

---

**ORDER ADOPTING NOVEMBER 4, 2011 RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE AND GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

This matter is before the Court on the November 4, 2011 Recommendation by U.S. Magistrate Judge Kristen L. Mix (ECF No. 75) that Defendants' Motion for Summary Judgment be granted. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**I. BACKGROUND**

The facts are detailed in the Recommendation, which the Court incorporates herein. Briefly, Plaintiff is a *pro se* prisoner at the Bent County Correctional Facility in Las Animas, Colorado. Defendants are employees of the Colorado Department of Corrections ("CDOC"). Plaintiff's Complaint brings three claims against Defendants; two of Plaintiff's claims were dismissed in a prior Order. (ECF No. 62.) The only remaining claim is that Plaintiff's First Amendment rights are being violated by the

CDOC's policy that does not allow him to possess Victoria's Secret magazines because he is classified as a sex offender. (ECF No. 7 at 8-9.)

After their Motion to Dismiss was denied as to Plaintiff's First Amendment claim, Defendants filed a Motion for Summary Judgment. (ECF No. 65). The Court referred the Motion for Summary Judgment to Magistrate Judge Mix. (ECF No. 66.) The Magistrate Judge recommends granting the Motion for Summary Judgment. (ECF No. 75.) Plaintiff has objected to this recommendation. (ECF No. 76.)

## II.  STANDARD OF REVIEW

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the District Judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." FED. R. CIV. P. 72(b)(3). An objection is proper if it is filed within fourteen days of the Magistrate Judge's recommendations and specific enough to enable the "district judge to focus attention on those issues–factual and legal–that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* FED. R. CIV. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

In addition, Plaintiff is proceeding *pro se*; thus, the Court must liberally construe

his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III.  ANALYSIS

The First Amendment protects a prisoner's right to receive mail. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). However, such right is not absolute. Prison officials may regulate a prisoner's receipt of mail as long as the regulation is "'reasonably related to legitimate penological interests.'" *Id.* at 409 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). The *Turner* test requires a court to weigh four factors: (1) whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally"; and (4) the "absence of ready alternatives" to the regulation. 482 U.S. at 89–90. Defendants bear the burden of satisfying the first three prongs of the *Turner* test but Plaintiff must satisfy the fourth. *Thornburgh*, 490 U.S. at 418. When examining these four factors, the Court must give "substantial deference" to prison authorities. *Frazier v. Dubois*, 922 F.2d 560, 562 (10th Cir. 1991).

The Magistrate Judge found that Defendant had satisfied the first three prongs of the *Turner* test and that Plaintiff had failed to show that there were any ready

alternatives to the CDOC's regulation as necessary to satisfy the fourth *Turner* prong. (ECF No. 75 at 14-16.) Plaintiff does not object specifically to any of the Magistrate Judge's findings. Rather, his Objection states that he "would object to the findings in its entirety referencing all points relevant to such recommendations therein." (ECF No. 76 at 1.) The Objection then rehashes the arguments he made in his prior opposition papers.

The regulation at issue here is AR-300-26 ("Regulation") which, in pertinent part, prohibits inmates that are classified as sex offenders from "subscrib[ing] to or having in [their] possession any sexually oriented materials or periodicals, or other reading or viewing material deemed to be pornographic or contrary to [their] individualized rehabilitative interests and goals." (ECF No. 24-1 at 17.) In its earlier Order on Defendant's Motion to Dismiss, the Court found that the Defendants had satisfied the first two prongs of the *Turner* test. (ECF No. 62 at 3.) The law of the case doctrine prevents the Court from revisiting that finding. *McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1034 (10th Cir. 2000). Thus, the Court finds that, for purposes of the instant Motion, Defendants have met their burden with respect to the first and second *Turner* factors. Therefore, these factors weigh in favor of upholding the Regulation.

With respect to the third factor, Defendants must show that allowing Plaintiff access to the Victoria's Secret magazines would have an adverse impact on the facility. The Regulation states: "Research has shown that although pornography does not cause people to become sex offenders, it can exacerbate existing problems for sex offenders and can increase their potential for acting out, either sexually or violently; therefore, pornography is contrary to rehabilitative goals." (ECF No. 24-1 at 17.) In

support of their Motion for Summary Judgment, Defendants submitted the affidavit of Burl McCullar, the Program Manager for the Sex Offender Treatment and Monitoring Program. (ECF No. 65-1.) McCullar cites research supporting the statement in the Regulation and states that allowing sex offenders such as Plaintiff to have access to materials with sexual content would have a negative impact on the facility because "those materials may exacerbate a sex offender's propensity for acting out." (*Id*. ¶ 17.) McCullar also states that, when sex offenders act out, "they victimize other offenders, prison staff, or other individuals with whom they come into contact. This also includes volunteers, visitors to the prison, and the families and friends of other offenders." (*Id*. ¶ 18.) Plaintiff provides no evidence to rebut the assertions in McCullar's affidavit. Thus, the Court finds that Defendants have shown that allowing Plaintiff access to Victoria's Secret catalogue would have an adverse impact on the facility. Accordingly, the third *Turner* factor weighs in favor of upholding the Regulation.

As previously noted, Plaintiff bears the burden with respect to the fourth *Turner* factor. That is, Plaintiff must show that "obvious, easy alternatives exist that fully accommodate inmates' rights at *de minimis* cost to valid penological interests." *Jones v. Salt Lake Cty.*, 503 F.3d 1147, 1154 (10th Cir. 2007). In both his opposition to the Motion for Summary Judgment and the Objection to the Magistrate Judge's Recommendation, Plaintiff utterly fails to meet this burden. Plaintiff has proffered no alternative, much less a reasonable one that could accommodate his rights at a *de minimis* cost to valid penological interests. Accordingly, the Court finds that the fourth *Turner* factor weighs in favor of upholding the Regulation.

Because all four *Turner* factors weigh in favor of upholding the Regulation, the Court agrees with the Recommendation and finds that summary judgment in favor of Defendants is appropriate.

## IV. CONCLUSION

Accordingly, it is hereby ORDERED that the Recommendation of the United States Magistrate Judge (ECF No. 75), filed November 4, 2011, is ACCEPTED. For the reasons cited therein, Defendants' Motion for Summary Judgment (ECF No. 65) is GRANTED. The Clerk shall enter judgment for Defendants on all claims, with all parties to bear their own attorney's fees and costs.

Dated this 12th day of December, 2011.

BY THE COURT:

William J. Martínez
United States District Judge